UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA M. DUPAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-1021- JES-JEH |
| v. | ) | |
| | ) | |
| OFFICER BRETT BUTLER, and the | ) | |
| CITY OF PEKIN, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

This matter is now before the Court on Defendants' Motion to Dismiss Counts I and III, but not Count II, of Plaintiff's Complaint (Doc. 68) and Plaintiff's Response (Doc. 7). For the reasons set forth below, Defendants' Motion (Doc. 68) is GRANTED in part and DENIED in part.

**BACKGROUND**

Plaintiff, proceeding pro se and in forma pauperis, filed a 3-Count complaint under 42 U. S.C. §1983, asserting violations of the Fourth Amendment and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Plaintiff names Pekin Police Officer Brett Butler ("Butler"), claiming that Defendant Butler unlawfully detained and searched him in violation of the Fourth Amendment. Plaintiff also names the City of Pekin ("City"), under *Monell*, asserting that the City is liable for the unconstitutional policies and practices of the Pekin Police Department. The following facts are taken from the complaint which the court accepts as true for the purposes of this Order and Opinion. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

1

Plaintiff has provided little detail in his complaint and, in Count I, alleges without preamble, that on February 9, 2018, Defendant Butler ordered Plaintiff to stop walking and detained and searched him without probable cause. In Count II, which is not a subject of the motion to dismiss, Plaintiff pleads that Defendant Butler used excessive force while arresting him, overly tightening the handcuffs. In Count III, Plaintiff alleges that the City is liable for the Pekin Police Department initiating a February 1, 2018 policy of harassment as to Plaintiff. He claims that Defendant Butler acted pursuant to this policy when he stopped Plaintiff on February 9, 2018 and, among other actions, called him a "scum bag" and a "low life drug dealer." Plaintiff alleges a failure to train, supervise, and monitor Defendant Butler and other unknown officers. Plaintiff claims to have suffered permanent damage to his right hand and wrist; requesting compensatory, punitive, and nominal damages, as well as declaratory and injunctive relief. Defendants move to dismiss Counts I and III.

Defendants have provided documentation of Plaintiff's related federal and state criminal proceedings, records of which the Court may take judicial notice. *Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned."). These records reveal that on March 1, 2018, Plaintiff was charged in Tazewell County with unlawful possession of methamphetamine with intent to deliver, armed violence, and unlawful use of a weapon by a felon, arising from the February 9, 2018 arrest by Defendant Butler. The state court charges were dismissed (Doc. 68-2), when Plaintiff was federally indicted on March 20, 2018, for possession of methamphetamine, being a felon in possession of a firearm, and possession of a firearm in for furtherance of a drug trafficking crime. (Doc. 68-3). On May 23, 2022, Plaintiff pled guilty and was adjudicated guilty on two counts of the

indictment; possession of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. The remaining counrt was dismissed.

Plaintiff later attempted to withdraw his guilty plea, a request which was denied on December 15, 2022. (Doc. 68-5). On December 20, 2022, Plaintiff was sentenced to 156 months of imprisonment on Counts I and III. Plaintiff filed a Notice of Appeal which was docketed on January 4, 2023 and remains pending.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court is to accept all well-pleaded allegations in a complaint as true, and to draw all permissible inferences in plaintiff's favor. *See Bible*, 799 F.3d at 639. To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## ANALYSIS

### Count I Fourth Amendment Claim

Defendants assert that in Count I, Plaintiff has failed to plead sufficient facts to state a claim, and that the claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars a §1983 claim for money damages if a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Under *Heck*, a plaintiff may not challenge a conviction

unless it has been reversed, expunged, or called into question. *Id*. At 486-87. This is so, as, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. However, *Heck* will generally not bar a Fourth Amendment claim, as the issue of probable cause to arrest often "has no bearing on the validity of [a] subsequent guilty plea and criminal conviction." *Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995) ("[b]ecause an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment.") *See also Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)).

While Plaintiff alleges there was no probable cause for his arrest, Defendants cite *Heck*, claiming that a finding in Plaintiff's favor would necessarily call into question the validity of his conviction. In his response, however, Plaintiff draws a distinction between the allegedly false arrest undertaken without probable cause, and the conviction. Plaintiff does not dispute that the evidence obtained was a sufficient basis for his plea of guilt, stating "Defendant Butler still violated constitutional protections and civil rights; and my conviction has no bearing on Butler's actions." (Doc. 77 at 5). In other words, Plaintiff asserts a civil rights action seeking damages for the allegedly unlawful stop without asserting that his conviction should be overturned. *See Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017) (dismissing *Heck* challenge to arrest). "Mordi makes a similar point: even if he were to prevail on his racial-profiling and prolonged-detention arguments, the discovery of the cocaine found within the car would be just as secure, his guilty plea would stand, and his conviction would, too. All he can hope for in his Fourth Amendment

4

case would be some form of damages for the loss of his time and the dignitary insult inflicted by racial discrimination."

Similar to *Mordi*, the Plaintiff here does not seek to have the conviction overturned, but requests monetary and other relief "regardless of any conviction, I have." (Doc. 77, at 6). *See also Blunt v. Becker* No. 08-157, 2010 WL 570489 (N.D. Ill. Feb. 16, 2010) (citing *Reynolds*, 488 F.3d at 767 (recognizing the "bright-line rule" allowing false arrest claims to survive *Heck* because "[w]hether Officer Darr had probable cause to arrest [defendant] has no bearing on the validity of his subsequent guilty plea and criminal conviction.")

There is an exception to the *Heck*-bar, as a plaintiff may not plead or otherwise assert a position inconsistent with his conviction. *Rice v. Murphy*, No. 17-6887, 2018 WL 4616354, at *2 (N.D. Ill. Sept. 26, 2018) (finding a plaintiff "may plead himself into a *Heck* bar by insisting on facts inconsistent with his guilt.") (citing *Easterling v. Moeller*, 334 F. App'x 22, 24 (7th Cir. 2009). In *Rice*, the plaintiff brought a claim of false arrest, after having pled guilty to possession of drugs. In his amended complaint, however, Plaintiff asserted "that he was unlawfully arrested because he 'wasn't doing anything unusual', 'was at no time ... in possession of any drugs . . .'". *Id* at 2. There, the court applied *Heck* and dismissed the amended complaint, citing *Gordon v. Miller*, 528 F. App'x. 673, 674 (7th Cir. 2013) ("a § 1983 claim is *Heck*-barred where a plaintiff 'insists that the arrest and prosecutions were wrongful because he never' committed the offense.").

The Seventh Circuit illustrated this point in *Rollins v. Willett*, 770 F.3d 575, 576-77 (7th Cir. 2014), with the following example: "[s]o suppose a defendant convicted of possessing illegal drugs found on his person sued the officer who had found the drugs, alleging that the officer planted them. If he won the suit, it would imply the invalidity of his drug conviction."

This is not the case before this Court, however, as Plaintiff does not deny possessing the drugs and weapon. He merely asserts that the manner of the stop violated his Fourth Amendment rights, not that it played a part in his plea and conviction. Accordingly, if he were to prevail on his Fourth Amendment claim, it would not undermine the validity of the conviction. Accordingly, the Court finds that the *Heck*-bar does not apply and will not dismiss on these grounds.

Defendants further assert that the complaint is so sparse as to be insufficient to plead the alleged lack of probable cause for the arrest. "Probable cause exists when 'the facts and circumstances within [the officer's] knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense"… The probable cause standard requires that the officer's belief be reasonable, not that it be correct." *Huff v. Reichert*, 744 F.3d 99, 1007 (7th Cir. 2014) (internal citations omitted). As previously noted, Plaintiff has only pled without explanation that Defendant Butler stopped him while he was walking. Defendants correctly summarize the complaint as not having "pled any facts related to the nature of the arrest, including the reason for the arrest, the elements of the underlying criminal offense, or even why he believes the rest (sic) was performed without probable cause." (Doc. 68, at 7). In support, Defendants cite *Gaddis v. Demattei, et. al.*, 2020 WL 672470, *11 (S.D. Ill., Mar. 7, 2022) (dismissing a §1983 claim for false arrest as plaintiff made only "bald assertion[s]" of lack of probable which were mere "legal conclusions" and "naked assertions devoid of further factual enhancement.").

The Court agrees, and Defendants' motion to dismiss will be granted to the extent that Count I will be dismissed for failure to state a claim under Rule 12(b)(6). Plaintiff will have leave, within 30 days, to file a first amended complaint.

**Count III Monell Claim**

Defendants assert that the Monell claim against the Defendant City must be dismissed as Plaintiff has failed to allege the existence of a widespread unconstitutional policy or practice, has failed to sufficiently plead that the City failed to train its officers, and has failed to sufficiently plead that his arrest and personal injury were the result of an unconstitutional policy.

The "critical question" in a *Monell* inquiry is whether the municipality had a policy or custom which caused the harm. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017). "[M]unicipal liability attaches only 'when execution of a government's policy or custom . . . inflicts the injury [for which] the government as an entity is responsible under § 1983.'" *Donovan v. City of Milwaukee*, 17 F.3d 944, 953–54 (7th Cir. 1994) (citing *Monell*, 436 U.S. at 694). "To establish municipal liability, a plaintiff must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012) (quoting *Estate of Sims v. County of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007)).

An official policy can be established through "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final decisionmaking authority." *Teesdale*, 690 F.3d at 834 (quoting *Sims*, 506 F.3d at 515). Plaintiff does not claim that Defendants acted under an express policy. Instead, he pleads that there was a widespread custom or practice "of illegal seizures as the result of certain systemic failures to properly train city officers and to admonish the officers' poor conduct as a matter of policy." He also asserts that the City had a policy or practice to specifically harass him. (Doc. 1 at 4).

The Seventh Circuit has not adopted "bright-line rules" to determine what constitutes a widespread practice, but notes that there must be sufficient evidence of a true municipal policy, rather than a mere, random event. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021) (citing *Grieveson v. Anderson*, 538 F.3d. 763, 774 (7th Cir. 2008)). "Establishing that an official policy exists requires a plaintiff to allege a pattern or series of incidents that give evidence of the policy; indeed, 'alleging one specific incident in which the plaintiff suffered a deprivation will not suffice.'" *Henderson v. Sheahan*, No. 94-2620, 1995 WL 519704, at *2-3 (N.D. Ill. Aug. 24, 1995) *aff'd,* 134 F.3d 374 (7th Cir. 1997) (citing *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir.1986)). A municipality must have had prior notice of the allegedly unconstitutional activity as "*Monell* does not subject municipalities to liability for the actions of misfit employees." *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 599 (7th Cir. 2019).

Here, Plaintiff baldly asserts that this happened to others as well as himself, without providing any facts to substantiate a pattern of conduct. *See Petropoulos v. City of Chicago*, No. 19-03206, 2021 WL 1103480, at *5 (N.D. Ill. Mar. 23, 2021) ("Courts in this District regularly dismiss *Monell* claims where the plaintiff has failed to allege instances of misconduct other than that from which he suffered." (citing *Carmona v. City of Chicago*, 2018 WL 306664, at *2 (N.D. Ill. 2018)). *See id.* ("What is fatal to the *Monell* claims, however, is that Plaintiff makes no attempt to plead a pattern of similar constitutional violations with any degree of factual specificity.") (quoting *Winchester v. Marketti*, 2012 WL 2076375, at *4 (N.D. Ill. 2012)).

The same applies to Plaintiff's failure to train claim. Plaintiff must successfully plead that the failure to train "amounted to deliberate indifference to the rights of citizens with whom the untrained employees come into contact." *Manning v. Sweitzer*, 891 F. Supp. 2d 961, 969 (N.D. Ill. 2012). This is generally done by alleging "other incidents of wrongdoing by Defendants . . ."

*Id*. (dismissing failure to train claim where plaintiff did not allege other incidents so as to establish a pattern of which defendants should have been aware). Here, Plaintiff makes only an unsupported allegation that he was injured due to the City's failure to provide training, without identifying in what way the training was deficient or asserting a pattern of conduct. As a result, Plaintiff has failed to sufficiently plead a failure to train on the part of the City.

Even if he had successfully pled the existence of unconstitutional City policies, Plaintiff has failed to plead a causal connection between a City policy and the injury to his hand. While Plaintiff claims that he was injured due to Defendant Butler's excessive use of force, he does not claim that there was a policy or custom to use excessive force. In addition, he does not cite cases where others were subjected to excessive force due to a City policy. While Plaintiff vaguely pleads that there was a policy to harass him, he does not tie his injuries to this policy of harassment. Accordingly, the Count III *Monell* claim is dismissed with leave to replead.

Defendants' motion to dismiss is denied to the extent it asserts the bar of *Heck v. Humphrey* in the Count I claim. It is granted to the extent that Count I and Count III are dismissed for failing to sufficiently plead. *See* Fed. R. Civ. P. 8(a) which requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, *Twombly*, 550 U.S. at 555, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). However, despite

Defendants' request, this dismissal is without prejudice, as Plaintiff will have an opportunity to file an amended complaint.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Doc.68), is GRANTED to the extent that Counts I and III are DISMISSED without prejudice. The Count II allegations remain and, at this point, are the only claims going forward. If Plaintiff files an amended complaint, he is to reassert his Count II allegations as the Court does not allow piecemeal pleadings.

Signed on this 23rd day of February, 2023.

s/<u>James E. Shadid</u><br>
JAMES E. SHADID<br>
UNITED STATES DISTRICT JUDGE