IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JOSHUA DUPAGE,
    Plaintiff,

v.

BUTLER et al,
    Defendants.

Case No. 1:19-cv-01021-JEH

**Order**

Now before the Court is the Plaintiff's Motion for Reconsideration (D. 154).[1] For the reasons set forth *infra*, the Plaintiff's Motion is denied.

**I**

On August 12, 2025, the Court granted the Defendant's Motion for Summary Judgment and the Clerk was directed to enter judgment in favor of the Defendant and close the case. (D. 152 & 153). On September 8, 2025, the Plaintiff filed a Motion for Reconsideration (D. 154) of the Court's Order granting the Defendant's Motion for Summary Judgment.[2] The Defendant filed his response on September 12, 2025. (D. 155). The matter is now fully briefed.

**II**

Federal Rule of Civil Procedure 59 governs the "[a]ltering or [a]mending [of] a judgment." FED. R. CIV. P. 59. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). "A

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."
[2] The Plaintiff, *pro se*, filed the Motion to Reconsider without specifying the Rule under which he seeks relief. However, because the Plaintiff asks the Court to "reconsider" its grant of summary judgment in favor of the Defendant and because it was filed within 28 days of the entry of judgment (D. 154 at ECF p. 10), the Court construes the Motion as one that is filed pursuant to Rule 59(e). *See* FED. R. CIV. P. 59(e).

Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). If that standard is successfully established, then Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). However, "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Moreover, "A motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp.*, 49 F.3d at 1263 (citing *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247-48 (7th Cir. 1995)). Similarly, "Rule 59 is not a vehicle for rearguing previously rejected motions" or "rehash[ing] old arguments," *Oto*, 224 F.3d at 606, nor is it a "vehicle for a party to undo its own procedural failures[.]" *Moro*, 91 F.3d at 876.

Simply put, the Plaintiff's Motion falls well short of this standard.[3] It is an attempt to rehash and put forth arguments that have either been previously rejected or that should have been raised before the Court rendered its judgment. *Moro*, 91 F.3d at 876. In this Court's previous Order, entered on August 12, 2025, it chronologizes the numerous chances that Plaintiff has had to dispute facts and raise the arguments he now makes; for example, the Court's Order made note of the fact that it had "granted the Plaintiff five extensions of time to file a Response

---

[3] Even if the Court were to construe the instant Motion as one pursuant to Rule 60(b), the Plaintiff has not demonstrated that he is entitled to the narrow relief that it sanctions. "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011).

to the Defendant's Motion for Summary Judgment, which was first filed on February 7, 2025, in a case that has been ongoing since 2019." (D. 152 at ECF p. 3). The Court had also previously warned the Plaintiff of the consequences of failing to respond to the then-pending Motion for Summary Judgment. *See id.* Still, the Plaintiff did not Respond. *See id.* Now, dealing with the consequences of his own procedural failures, the Plaintiff attempts to engage for the first time in argument (D. 154 at ECF p. 12) with the Defendant's Motion for Summary Judgment (D.133), despite this Court already ruling on it. (D. 154). That does not comport with the purpose of a Rule 59(e) Motion and the Court declines to engage with the arguments now made by the Plaintiff that could have been previously raised on numerous occasions. *See Oto*, 224 F.3d at 606. And, because the instant Motion fails to raise any manifest error of law, fact, or present newly discovered evidence, the Court denies the Plaintiff's Motion to Reconsider.[4] *See LB Credit Corp.*, 49 F.3d at 1267.

### III

For the reasons set forth *supra*, the Plaintiff's Motion for Reconsideration (D. 154) is denied. The Clerk is directed to maintain the status of this case as closed.

*It is so ordered.*

Entered on September 15, 2025

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE

---

[4] To the extent the Plaintiff's Motion to Reconsider could be viewed as a Response to the no-longer pending Motion for Summary Judgment (D. 133), it does not comply with Civil Local Rule 7.1(B) or (D). *See Grason v. City of Decatur,* 2024 WL 5454585, at *1 (C.D. Ill. 2024) (pro se litigants must comply with procedural and local rules).